qUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

---

**JOHN LAFEMINA AND JANINE LAFEMINA,**

Plaintiffs,

- against -

THE CITY OF NEW YORK, AND
AMEC CONSTRUCTION MANAGEMENT,
INC., *et al.*,

Defendants.

---

21 MC 100 (AKH)

DOCKET NO. 07 cv 6805

Judge Hellerstein

CHECK-OFF ("SHORT FORM")
COMPLAINT
RELATED TO THE
MASTER COMPLAINT

**PLAINTIFF DEMANDS A TRIAL BY JURY**

[Stamp: JUL 27 2007 U.S.D.C. S.D.N.Y. CASHIERS]

---

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Master Complaints for all Plaintiffs were filed on August 18, 2006.

## NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "☑" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff, by his attorneys SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C. complaining of Defendants, respectfully alleges:

## I. PARTIES

### PLAINTIFF(S)

1.  X Plaintiff JOHN LAFEMINA (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New York residing at 1099 Namdac Avenue, Bay Shore, New York 11706.

2.  Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

3.  X Plaintiff, JANINE LAFEMINA (hereinafter the "Derivative Plaintiff"), is an individual and a citizen of New York residing at 1099 Namdac Avenue, Bay Shore, New York 11706, and has the following relationship to the Injured Plaintiff:

  **X**  Plaintiff JANINE LAFEMINA at all relevant times herein, is and has been lawfully married to Plaintiff JOHN LAFEMINA, and brings this derivative action for her loss due to the injuries sustained by her husband, Plaintiff JOHN LAFEMINA.
  ☐ Parent ☐ Child ☐ Other: _____

4. In the period from September 11, 2001 through the end of September 2001, and thereafter, including October, November, and December 2001, and thereafter, the injured Plaintiff worked for the New York City Fire Department as a Firefighter:

*Please be as specific as possible when filling in the following dates and locations*

**X** The World Trade Center Site
Location(s) (*i.e.*, building, quadrant, etc.) throughout the four quadrants.
From September 11, 2001 through the end of September 2001, on an every other day basis for shifts lasting anywhere from 8 to 15 hours, as well as weeks of regular 12 hour shifts in the months of October, November and December 2001, and intermittently thereafter;
Approximately 8-15 hours per day; for
Approximately 70 shifts/days in total..

☐ The New York City Medical Examiner's Office
From on or about _____ until _____,
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Fresh Kills Landfill
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Barge
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ **Other:*** For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below:

From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total;
Name and Address of Non-WTC Site Building/Worksite: _____
_____

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

  **X** Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

  **X** Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

<u>X</u>    Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

☐    Other: _____

6.    Injured Plaintiff

<u>X</u>    Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

B. **DEFENDANT(S)**

7. The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

**X** THE CITY OF NEW YORK
  ☐ A Notice of Claim was timely filed and served on _____ and
  ☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____ (OR)
  ☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
  ☐ More than thirty days have passed and the City has not adjusted the claim
      (OR)
  **X** An Order to Show Cause application to
  **X** deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
  **X** is pending
  ☐ Granting petition was made on _____
  ☐ Denying petition was made on _____

☐ PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
  ☐ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on
  ☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
      ☐ the PORT AUTHORITY has adjusted this claim
      ☐ the PORT AUTHORITY has not adjusted this claim.

☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 4 WTC HOLDINGS, LLC
☐ 5 WORLD TRADE CENTER, LLC

☐ 5 WTC HOLDINGS, LLC
**X** AMEC CONSTRUCTION MANAGEMENT, INC.
☐ 7 WORLD TRADE COMPANY, L.P.
☐ A RUSSO WRECKING
☐ ABM INDUSTRIES, INC.
☐ ABM JANITORIAL NORTHEAST, INC.
**X** AMEC EARTH & ENVIRONMENTAL, INC.
☐ JOHN CORTESE SPECIALIZED HAULING, LLC, INC.
☐ ATLANTIC HEYDT CORP
☐ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☐ BECHTEL CONSTRUCTION, INC.
☐ BECHTEL CORPORATION
☐ BECHTEL ENVIRONMENTAL, INC.
☐ BERKEL & COMPANY, CONTRACTORS, INC.
☐ BIG APPLE WRECKING & CONSTRUCTION CORP
**X** BOVIS LEND LEASE, INC.
**X** BOVIS LEND LEASE LMB, INC.
☐ BREEZE CARTING CORP
☐ BREEZE NATIONAL, INC.
☐ BRER-FOUR TRANSPORTATION CORP.
☐ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☐ C.B. CONTRACTING CORP
☐ CANRON CONSTRUCTION CORP
☐ CANTOR SEINUK GROUP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☐ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☐ DAKOTA DEMO-TECH
☐ DIAMOND POINT EXCAVATING CORP
☐ DIEGO CONSTRUCTION, INC.
☐ DIVERSIFIED CARTING, INC.
☐ DMT ENTERPRISE, INC.
☐ D'ONOFRIO GENERAL CONTRACTORS CORP
☐ EAGLE LEASING & INDUSTRIAL SUPPLY

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

- ☐ EAGLE ONE ROOFING CONTRACTORS INC.
- ☐ EAGLE SCAFFOLDING CO
- ☐ EJ DAVIES, INC.
- ☐ EN-TECH CORP
- ☐ ET ENVIRONMENTAL
- ☐ EVERGREEN RECYCLING OF CORONA
- ☐ EWELL W. FINLEY, P.C.
- ☐ EXECUTIVE MEDICAL SERVICES, P.C.
- ☐ F&G MECHANICAL, INC.
- ☐ FLEET TRUCKING, INC.
- ☐ FRANCIS A. LEE COMPANY, A CORPORATION
- ☐ FTI TRUCKING
- ☐ GILSANZ MURRAY STEFICEK, LLP
- ☐ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
- ☐ HALLEN WELDING SERVICE, INC.
- ☐ H.P. ENVIRONMENTAL
- ☐ KOCH SKANSKA INC.
- ☐ LAQUILA CONSTRUCTION INC
- ☐ LASTRADA GENERAL CONTRACTING CORP
- ☐ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
- ☐ LIBERTY MUTUAL GROUP
- ☐ LOCKWOOD KESSLER & BARTLETT, INC.
- ☐ LUCIUS PITKIN, INC
- ☐ LZA TECH-DIV OF THORTON TOMASETTI
- ☐ MANAFORT BROTHERS, INC.
- ☐ MAZZOCCHI WRECKING, INC.
- ☐ MERIDIAN CONSTRUCTION CORP.
- ☐ MORETRENCH AMERICAN CORP.
- ☐ MRA ENGINEERING P.C.
- ☐ MUESER RUTLEDGE CONSULTING ENGINEERS
- ☐ NACIREMA INDUSTRIES INCORPORATED
- ☐ NEW YORK CRANE & EQUIPMENT CORP.
- ☐ NICHOLSON CONSTRUCTION COMPANY
- ☐ OLYMPIC PLUMBING & HEATING
- ☐ PETER SCALAMANDRE & SONS, INC.
- ☐ PINNACLE ENVIRONMENTAL CORP
- ☐ PLAZA CONSTRUCTION CORP.
- ☐ PLAZA CONSTRUCTION MANAGEMENT CORP.
- ☐ PRO SAFETY SERVICES, LLC
- ☐ PT & L CONTRACTING CORP
- ☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
- ☐ ROBER SILMAN ASSOCIATES
- ☐ ROBERT L GEROSA, INC
- ☐ RODAR ENTERPRISES, INC.
- ☐ ROYAL GM INC.
- ☐ SAB TRUCKING INC.
- ☐ SAFEWAY ENVIRONMENTAL CORP
- ☐ SEASONS INDUSTRIAL CONTRACTING
- ☐ SEMCOR EQUIPMENT & MANUFACTURING CORP.
- ☐ SILVERITE CONTRACTORS
- ☐ SILVERSTEIN PROPERTIES
- ☐ SILVERSTEIN PROPERTIES, INC.
- ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
- ☐ SILVERSTEIN WTC, LLC
- ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
- ☐ SILVERSTEIN WTC PROPERTIES, LLC
- ☐ SILVERSTEIN DEVELOPMENT CORP.
- ☐ SILVERSTEIN WTC PROPERTIES LLC
- ☐ SIMPSON GUMPERTZ & HEGER INC
- ☐ SKIDMORE OWINGS & MERRILL LLP
- ☐ SURVIVAIR
- ☐ TISHMAN INTERIORS CORPORATION,
- ☐ TISHMAN SPEYER PROPERTIES,
- ☐ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN
- ☐ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
- ☐ THORNTON-TOMASETTI GROUP, INC.
- ☐ TORRETTA TRUCKING, INC
- ☐ TOTAL SAFETY CONSULTING, L.L.C
- ☐ TUCCI EQUIPMENT RENTAL CORP
- X TULLY CONSTRUCTION CO., INC.
- X TULLY ENVIRONMENTAL INC.
- X TULLY INDUSTRIES, INC.
- X TURNER CONSTRUCTION CO.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | |
|---|---|
| **X** TURNER CONSTRUCTION COMPANY | ☐ WHITNEY CONTRACTING INC. |
| **X** TURNER CONSTRUCTION INTERNATIONAL, LLC | ☐ WOLKOW-BRAKER ROOFING CORP |
| ☐ TURNER/PLAZA, A JOINT VENTURE | ☐ WORLD TRADE CENTER PROPERTIES, LLC |
| ☐ ULTIMATE DEMOLITIONS/CS HAULING | ☐ WSP CANTOR SEINUK |
| ☐ VERIZON NEW YORK INC, | ☐ YANNUZZI & SONS INC |
| ☐ VOLLMER ASSOCIATES LLP | ☐ YONKERS CONTRACTING COMPANY, INC. |
| ☐ W HARRIS & SONS INC   ☐ ZIEGE | ☐ YORK HUNTER CONSTRUCTION, LLC |
| ☐ WEEKS MARINE, INC.   ☐ OTHER: _____ | |
| ☐ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C. | |

☐ Non-WTC Site Building Owner
  Name: _____
  Business/Service Address: _____
  Building/Worksite Address: _____

☐ Non-WTC Site Lessee
  Name: _____
  Business/Service Address: _____
  Building/Worksite Address: _____

☐ Non-WTC Site Building Managing Agent
  Name: _____
  Business/Service Address: _____
  Building/Worksite Address: _____

## II. JURISDICTION

8. The Court's jurisdiction over the subject matter of this action is:

**X** Founded upon Federal Question Jurisdiction; specifically; **X**; Air Transport Safety & System Stabilization Act of 2001.

## III CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| **X** | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | **X** | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| **X** | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | | **X** Air Quality; <br><br> **X** Effectiveness of Mask Provided; <br><br> **X** Effectiveness of Other Safety Equipment Provided |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| X | Pursuant to New York General Municipal Law §205-a | ☐ | (specify: _____); <br> ☐ Other(specify): |
| --- | --- | --- | --- |
| ☐ | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | ☐ | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | ☐ | Other: _____ |

## IV CAUSATION, INJURY AND DAMAGE

9.    As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| ☐ | Cancer Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: | ☐ | Cardiovascular Injury:<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| **X** | **Respiratory Injury:** Esophagitis, hiatal hernia, bronchitis; Rhinosinusitis; Gastroesophageal reflux disease; nodules in lung, unexplained coughing and wheezing, pulmonary disability and other injuries the full extent of which is not yet known.<br>**Date of onset:**. In or around May 15, 2006, Claimant went to Island Gastroenterology Consultants at 1175 Montauk Highway, Suite 1, West Islip, New York because of the acute coughing and wheezing that he was suffering.  To determine the cause of these symptoms, Claimant underwent an esophagogastroduodenoscopy.  Noel D'Silva, M.D. of Island Gastroenterology Consultants diagnosed Claimant with esophagitis and hiatal hernia, and recommended that he await biopsy and pathological report results.  In or around July 2006, Claimant was informed for the first time by his medical providers that the bronchitis, which he had been suffering was a permanent and disabling illness.  On or around December 13, 2006, Claimant consulted with Joseph Saraceno, M.D. of the Long Island Lung Center, 370 East Main Street, Bay Shore, New York.  Dr. Saraceno continued to search for the root cause of Claimant's coughing and wheezing.<br>**Date physician first connected this injury to WTC work**: July 2006 | ☐ | Fear of Cancer<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| **X** | **Digestive Injury:** esophagitis, hiatal hernia, bronchitis; Rhinosinusitis; gastroesophageal reflux disease and other injuries the full extent of which is not yet known.<br>**Date of onset:** In or around May 15, 2006, Claimant went to Island Gastroenterology Consultants at 1175 Montauk Highway, | ☐ | Other Injury:<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

Suite 1, West Islip, New York because of the acute coughing and wheezing that he was suffering. To determine the cause of these symptoms, Claimant underwent an esophagogastroduodenoscopy. Noel D'Silva, M.D. of Island Gastroenterology Consultants diagnosed Claimant with esophagitis and hiatal hernia, and recommended that he await biopsy and pathological report results. In or around July 2006, Claimant was informed for the first time by his medical providers that the bronchitis, which he had been suffering was a permanent and disabling illness. On or around December 13, 2006, Claimant consulted with Joseph Saraceno, M.D. of the Long Island Lung Center, 370 East Main Street, Bay Shore, New York. Dr. Saraceno continued to search for the root cause of Claimant's coughing and wheezing.
**Date physician first connected this injury to WTC work:** July 2006

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

10. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

| | | | |
|---|---|---|---|
| X | Pain and suffering | X | Expenses for medical care, treatment, and rehabilitation |
| X | Loss of the enjoyment of life | X | Other: |
| X | Loss of earnings and/or impairment of earning capacity | | X Mental anguish<br>X Disability<br>☐ Medical monitoring |
| X | Loss of retirement benefits/diminution of retirement benefits | | ☐ Other: _____ |

11. As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

WHEREFORE, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiffs demand that all issues of fact in this case be tried before a properly empanelled jury.**

Dated:  New York, New York
        July 25, 2007

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO P.C.
Attorneys for Plaintiff

BY: _____
    Andrew J. Carboy (AC 2147)
120 Broadway - 18th Floor
New York, New York 10271
Tel: (212) 732-9000

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*